UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 9:24-cv-80967-AHS**

| | |
|---|---|
| In re: | § |
| | § |
| **TGP COMMUNICATIONS, LLC,** | § |
| | § |
| Appellant, | § |
| | § |
| v. | § |
| | § |
| **RUBY FREEMAN; WANDREA** | § |
| **ARSHAYE MOSS; AND** | § |
| **DR. ERIC COOMER,** | § |
| | § |
| Appellees. | § |

## MOTION TO DISMISS APPEAL

Dr. Eric Coomer (Dr. Coomer or Appellee) respectfully files this Motion to Dismiss Appeal pursuant to Rule 8018(a)(4) of the Federal Rules of Bankruptcy Procedure due to TGP Communications, LLC's (TGP or Appellant) failure to timely file its Appellant Brief, and in support states as follows:

**I.     BACKGROUND FACTS**

1. On December 22, 2020, Dr. Coomer filed claims against TGP and other non-debtor defendants for defamation, intentional infliction of emotional distress, and conspiracy in Case No. 2021-cv-034319 in the District Court, Denver County, Colorado. Those claims are still pending.

2. On April 24, 2024, TGP filed a voluntary petition for bankruptcy relief under chapter 11 of title 11 of the United States Bankruptcy Code (Bankruptcy Code) in Case No. 24-13938-MAM (Bankruptcy Case) in the United States Bankruptcy Court for the Southern District of Florida (Bankruptcy Court).

3. On May 31, 2024, Ruby Freeman and Andrea Moss (collectively, the Freeman Plaintiffs) filed a motion to dismiss TGP's Bankruptcy Case [Bankr. No. 24-13938, Dkt. 39], which Dr. Coomer joined on June 8, 2024 [Bankr. No. 24-13938, Dkt. 57].

4. On July 25, 2024, the Bankruptcy Court granted the motion to dismiss and dismissed TGP's Bankruptcy Case [Bankr. No. 24-13938, Dkt. 95] (Dismissal Order). In its Dismissal Order, the Bankruptcy Court noted that "[W]hether a bankruptcy case succeeds or fails depends on many factors, but two things must exist for the process to function as Congress intended: transparency and good faith.: *Id*. The Bankruptcy Court went on to find:

> In this unusual bankruptcy case, truth is at the center of all disputes. Lack of truthful disclosure, theories based upon half-truths, claims for which truth could provide a defense—all possibilities are on display. Litigation about truth pushed the debtor to file bankruptcy, but that unusual twist does not alter the Court's duty to remain focused on bankruptcy issues.
>
> This Court's only task in this case is to determine ***whether the debtor***, a business entity wholly owned and run by one person, ***has demonstrated a valid reorganizational purpose for chapter 11 bankruptcy motivated by good faith intent. The answer, in short, is no, it has not***.

*Id*. at 2 (emphasis added).

5. On August 8, 2024, TGP filed a notice of appeal in the Bankruptcy Case [Bankr. 24-13938, Dkt. 99] and the appeal was transmitted to this Court.

6. Pursuant to Rule 8018 of the Federal Rule of Bankruptcy Procedure (Bankruptcy Rules) and District Court Local Rule 87.4(f), TGP's Appellant Brief was due on October 9, 2024 [Dkt. 25].

7. On October 9, 2024, TGP filed a motion to extend the time for filing its Appellant Brief to October 29, 2024 [Dkt. 26], which the Court granted [Dkt. 28].

8. On October 29, 2024, TGP filed a second motion to extend the time for filing its Appellant Brief to November 4, 2024 [Dkt. 29], which the Court granted [Dkt. 30].

9. TGP failed to file its Appellant Brief on November 4, 2024. TGP has not sought an additional extension. As of this filing, TGP has not filed an Appellant Brief.

## II. MOTION TO DISMISS

10. As set forth herein, TGP failed to timely file its Appellant Brief by the November 4, 2024 deadline, despite requesting and receiving two extensions from the Court. As such, Dr. Coomer files this Motion and moves to dismiss the appeal pursuant to Bankruptcy Rule 8018(a)(4).

## III. ARGUMENT AND AUTHORITIES

11. Pursuant to Bankruptcy Rule 8018(a), a litigant appealing a decision of a bankruptcy court must file an opening brief within thirty days "after the docketing of notice that the record has been transmitted or is available electronically," unless such time limit is excused or another is specified by order of the Court. Fed. R. Bankr. P. 8018(a)(1). When an appellant fails to timely file a brief, a district court may dismiss the appeal upon motion or *sua sponte* after notice is provided. Fed. R. Bankr. P. 8018(a)(4); S.D. Fla. L.R. 87.4(f). Bankruptcy appeals are frequently dismissed for failure to comply with the duty of diligent prosecution. *See, e.g.*, *Thakkar v. Noble*, 760 F. App'x 724, 728 (11th Cir. 2019); *Lawrence v, Educ. Credit Mgmt. Corp.*, 522 Fed. App'x 836, 839-40 (11th Cir. 2013); *Somohano v. Fed. Hous. Fin.* Agency, No. 1:21-cv-23237-GAYLES, 2022 WL 2707704, at *1 (S.D. Fla. Jun. 22, 2022); *In re Stranger*, No. 2:15-cv-275-FtM-38, 2015 WL 7351389, at *2 (M.D. Fla. Nov. 20, 2015). Dismissal is proper where bad faith, negligence, or indifference are shown. *See Thakkar*, 760 F. App'x at 728; *Lawrence*, 522 Fed. App'x at 839-40. When considering dismissal, courts have considered the litigant's conduct in the bankruptcy case and on appeal. *See Thakkar*, 760 F. App'x at 728 (considering

conduct on appeal and in prior bankruptcy appeals); *In re Stranger*, 2015 WL 7351389, at *2 (considering conduct on appeal and in the below adversary proceeding).

12. Here, TGP failed to timely file its Appellant Brief despite receiving extensions from the Court. Moreover, TGP's appeal is from the dismissal of its Bankruptcy Case for bad faith filing. *See generally* Dismissal Order [Bankr. No. 24-13938, Dkt. 95]. As the Bankruptcy Court found:

> TGP remains both balance sheet and cash flow solvent. There is no present financial distress, no looming foreclosure sale, no prospect of a market crash. There is only the State Court Litigation in which TGP must defend itself. That's not a basis for bankruptcy relief; it's the justice system in operation. And the State Court Plaintiffs have made their positions clear: they want their day in court to present their state law claims, rather than the ability to file a proof of claim in a bankruptcy case and receive a payout capped at what TGP predicts its disposable income might

*See id.* at 25.

13. TGP's delay on appeal merely continues its litigation tactics to avoid claims pending against it in the underlying State Action. Specifically, having lost at all stages of litigation, TGP is currently using this bankruptcy appeal to delay the State Action which is currently pending before the Colorado Supreme Court.[1] Having sought and received two extensions, and having defaulted on its deadline to file briefing, TGP's conduct here is symptomatic of its desire to delay accountability for defamatory statements published about Dr. Coomer regarding his role in the 2020 election. Four years have now elapsed since those statements were first published.

14. This appeal should be dismissed.

## IV.   PRAYER

WHEREFORE, Appellee Dr. Coomer respectfully requests that the Court enter an order dismissing this appeal and granting such further relief as the Court may deem just and proper.

---

[1] *See* Exhibit A, *Suggestion of Bankruptcy*, filed by TGP on June 24, 2024.

Date: November 8, 2024                                  Respectfully submitted,

*/s/ Vincent F. Alexander*
Vincent F. Alexander
Florida Bar No. 68114
VAlexander@shutts.com
**SHUTTS & BOWEN LLP**
201 East Las Olas Blvd., Suite 2200
Fort Lauderdale, FL 33301
954-847-3835
***Attorney for Dr. Eric Coomer***

—AND—

*/s/ Ryan E. Chapple*
Ryan E. Chapple – *admitted pro hac vice*
Texas Bar No. 24036354
rchapple@cstrial.com
Charlie J. Cain – *admitted pro hac vice*
Texas Bar No. 00796292
Colorado Bar No. 51020
ccain@cstrial.com
Bradley A. Kloewer – *admitted pro hac vice*
Colorado Bar No. 50565
bkloewer@cstrial.com
**CAIN & SKARNULIS PLLC**
303 Colorado Street, Suite 2850
Austin, TX 78701
512-477-5000
***Attorneys for Dr. Eric Coomer***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 8, 2024, I electronically filed the foregoing Motion to Dismiss Appeal with the Clerk of Court using CM/ECF system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this notice as service of this document by electronic means.

*/s/ Vincent F. Alexander*
Vincent F. Alexander

FTLDOCS 9359113 1