UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:24-cv-80967-AHS

In re:

TGP COMMUNICATIONS, LLC,

      Appellant,

  v.

RUBY FREEMAN; WANDREA
ARSHAYE MOSS; AND DR.
ERIC COOMER,

      Appellees.
_____/

## MOTION FOR THIRD EXTENSION OF TIME TO FILE INITIAL BRIEF

Appellant TGP Communications, LLC ("TGP" or "Appellant") requests a third extension of time to file its initial brief, this time by a period of 18 days.

Appellant's counsel communicated with counsel for Appellees on November 8, 2024, regarding the relief requested in this Motion. Appellees oppose.

**1.0    INTRODUCTION AND BACKGROUND**

On August 8, 2024, Appellant filed its Notice of Appeal. ECF No. 1. On September 9, 2024, the Bankruptcy Court transmitted the record on appeal to the District Court. ECF No. 23. On October 9, 2024, Appellant filed a motion for an extension of time to file its Initial Brief, which the Court granted, citing issues its counsel was having with departures at their law firm and the unexpected death of lead counsel's law partner. ECF No. 26. On October 29, 2024, Appellant filed a second motion for extension of time to file its Initial Brief, which the Court also granted, this time due to the caseload and scheduling conflicts presented by the sudden death of lead counsel's

law partner. ECF No. 29. The second requested extension was only for 4 days, placing the deadline at November 4, 2024.

Following the order granting the second motion, prior counsel, Bart A. Houston, did not file Appellant's Initial Brief on time. Appellant has attempted to communicate with attorney Houston regarding the status of the brief, but attorney Houston has been incommunicado. Appellant was not informed by attorney Houston that there would be any issues or difficulties with filing the Initial Brief by the November 4 deadline, and the failure to file the brief came as a surprise to Appellant. With a deadline missed and no word from its attorney, Appellant had no choice but to act quickly to retain separate counsel for this appeal. To get up to speed and prepare an adequate brief (or at the very least obtain a draft from prior counsel, who has not communicated with anyone in days), incoming counsel requires additional time.

## 2.0   LEGAL STANDARD

Bankruptcy Rule 9006(b)(1) permits a court to extend the time to file a brief after the deadline to file it has passed, but only on a motion showing that "the failure to act was the result of excusable neglect." This standard is "generally an 'equitable inquiry' based upon the particular circumstances of the case." *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1355 (11th Cir. 2009); *Lindros v. Brewer (In re Brewer)*, 442 Fed. Appx. 430, 435 (11th Cir. 2011) (using identical formulation of "excusable neglect" standard in bankruptcy appeal). There are four factors relevant to this inquiry: "'the danger of prejudice to the [opposing party], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Anthem Health Plans*, 591 F.3d at 1355 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

**3.0    ARGUMENT**

The four *Pioneer* factors weigh in favor of granting the requested extension.

First, no prejudice would result to the other parties. Appellees Ruby Freeman and Wandrea Arshaye Moss have settled with Appellant, meaning they no longer have any stake in the resolution of this appeal. Appellee Dr. Eric Coomer has filed a motion to dismiss based on the failure to file a timely Initial Brief and, while he baselessly accuses Appellant of bad-faith delay tactics, he does not identify how the continuation of this appeal would cause him any prejudice. Allowing an extension of time to file a brief does not prejudice an opposing party simply because granting a motion to dismiss an appeal would spare the opposing party the additional cost of defending the appeal. *Anthem Health Plans*, 591 F.3d at 1357 (finding no prejudice in allowing late response to motion to dismiss appeal).

Second, Appellant does not seek a lengthy delay; it only asks for 18 days from the prior extended deadline, making the requested deadline November 22, 2024. There is no plausible argument that such an extension would have any negative impact on judicial proceedings.

Third, there is a very good explanation for the delay. Prior extensions were based on prior counsel's law partner suddenly dying and the difficulties this caused to his law practice. Those difficulties apparently became so great that attorney Houston has stopped communicating with Appellant, and now Appellant has been forced to retain separate counsel after learning that attorney Houston failed to file the Initial Brief on time.  However, to be 100% clear, there is no indication of a purposeful lack of professionalism by Attorney Houston.  His law partner died.  We don't just work with our partners, they tend to become part of the family.  The fact that he is likely suffering from situational (and hopefully temporary) emotional paralysis is not just understandable, but one would question his humanity if he *was* functioning normally at a time like this.

Appellant should not be penalized for circumstances entirely exclusive to its former counsel, particularly when its former counsel gave no indication he would be unable to meet filing deadlines. Courts have found excusable neglect in circumstances much less serious than those here, such as a miscommunication between co-counsel as to who was handling what tasks that was "attributable solely to negligence." *Id*. at 1356.  Further, are we not humans?  It is outrageous that counsel for Coomer would not consent to this modest relief.  Attorney Houston's partner *died*.  Just logistically, this is likely to cause confusion, delays, and a ball or two being dropped.  Emotionally?  The undersigned can attest to the fact that his colleagues lost a bit of productivity when he merely had cancer, which has now been defeated.  Litigation is often a bare knuckles affair, but to seek to take advantage of a tragedy by refusing such a reasonable request makes the undersigned wonder just what kind of soul-rot exists in this profession?

Finally, Appellant makes this motion in good faith and has continuously litigated this matter in good faith. Appellant is not attempting to drag out this appeal or bankruptcy proceedings. Rather, as discussed above, its former counsel had major disruptions in his law practice and the poor guy's *life* that have now necessitated the retention of new counsel. Dr. Coomer's claim that the failure to file the Initial Brief by November 4 is a dilatory tactic is baseless, and Dr. Coomer's motion to dismiss completely fails to address the disclosed circumstances warranting prior extension requests. Dr. Coomer's motion to dismiss also cites findings from the Bankruptcy Court impugning Appellant's motives in declaring bankruptcy, but ignores that it is precisely these findings that Appellant has appealed. The Court should not weigh such disputed findings in determining whether this extension is sought in good faith.

Pursuant to Local Rule 7.1(a)(3), undersigned attempted to meet and confer with all other counsel by writing on November 8, 2024, to resolve the issues herein and certifies that Counsel

for Dr. Coomer opposes this relief and a related motion to substitute. Counsel for Mmes. Freeman and Moss have not responded.

**4.0   CONCLUSION**

For the foregoing reasons, the Court should grant the requested extension and allow Appellant until November 22, 2024, to file its Initial Brief.

Dated: November 8, 2024.              Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza
  Florida Bar No. 625566
RANDAZZA LEGAL GROUP, PLLC
2 S. Biscayne Blvd., Suite 2600
Miami, FL 33131
Telephone: 786-800-3500
ecf@randazza.com

John C. Burns (*PHV Forthcoming*)
Burns Law Firm
P.O. Box 191250
St. Louis, MO 63119
Telephone: 314-329-5040
TBLF@pm.me

*Attorneys for Appellant*

- 6 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 8, 2024, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court and has been served on all parties of record through the CM/ECF system.

/s/ Marc J. Randazza
MARC J. RANDAZZA