**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 9:24-cv-80967-AHS**

| | |
|---|---|
| In re: | § |
| | § |
| **TGP COMMUNICATIONS, LLC,** | § |
| | § |
| Appellant, | § |
| | § |
| v. | § |
| | § |
| **RUBY FREEMAN; WANDREA** | § |
| **ARSHAYE MOSS; AND** | § |
| **DR. ERIC COOMER,** | § |
| | § |
| Appellees. | § |

**RESPONSE TO TGP COMMUNICATIONS, LLC'S PENDING MOTIONS**
**AND MOTION TO STRIKE PURSUANT TO F.R.C.P. 12(f)**

As ordered by the Court, Dr. Eric Coomer (Dr. Coomer or Appellee) files this Combined Response to TGP Communications, LLC (TGP or Appellant)'s Motion to Substitute Counsel, as well as its Third Motion for Extension of Time to File Initial Brief[1], and moves to strike certain portions of the latter pursuant to Federal Rule Civil Procedure 12(f):

### I.   BACKGROUND FACTS

1.   Dr. Coomer filed suit against TGP and Jim Hoft in Colorado state district court almost four years ago—December 22, 2020 (the State Court Litigation).[2] Dr. Coomer brought claims for defamation based on publications by TGP stating that, inter alia, Dr. Coomer, as a

---

[1] ECF Nos. 32 and 33.

[2] Exhibit 1, Declaration of Charles J. Cain at ¶ 2.

1

Dominion Voting Systems' employee, confessed to rigging the 2020 presidential election. One of these post-election publications is attached with the headline as follows:[3]

> **Denver Business Owner: Dominion's Eric Coomer Is an Unhinged Sociopath – His Internet Profile Is Being Deleted and Erased (AUDIO)**
> By Jim Hoft
> Published November 16, 2020 at 10:55am
> 433 Comments

2. On April 30, 2021, TGP filed an anti-SLAPP motion seeking dismissal of Dr. Coomer's complaint. That Motion was denied in a 136-page opinion on May 13, 2022. Before the order was issued by the trial court, TGP filed a motion to change venue (denied), a motion to reconsider the trial court's discovery order (denied), a motion for more definite statement (denied), and at least three motions to extend time to file or respond to various pleadings.[4]

3. On August 18, 2021, Dr. Coomer sent a demand for retraction to TGP based on erratic and threatening behavior of Joe Oltmann, the originator of the defamatory statements about Dr. Coomer whose claims were republished by TGP.[5] TGP did not respond.[6]

4. TPG appealed the anti-SLAPP order on June 30, 2022. TGP sought and received three motions for extension of time to file their Appellant's Brief. The Brief was stricken by the Colorado Court of Appeals on December 21, 2022, and TGP was ordered to file a new brief within

---

[3] Exhibit 2, Nov. 16, 2020, *Gateway Pundit*, Jim Hoft, Denver Business Owner: Dominion's Eric Coomer is an Unhinged Sociopath – His Internet Profit Is Being Deleted and Erased.

[4] *See* Ex. 1 at ¶ 3.

[5] Exhibit 3.

[6] Ex. 1 at ¶ 4.

twenty-one days. TGP filed its opening brief on January 10, 2023. After Dr. Coomer responded, TGP sought and received yet another extension to file its Reply Brief. The Reply Brief was filed on June 23, 2023.[7]

5. On April 24, 2023, following the Fox News settlement with Dominion, Dr. Coomer sent another demand for retraction to TGP.[8] TGP did not respond.[9]

6. With the exception of Dr. Coomer's conspiracy claim, TGP lost its appeal of the anti-SLAPP order on April 11, 2024. Less than two weeks later, TGP filed bankruptcy.[10]

7. On April 25, 2024, Dr. Coomer sent another demand for retraction following the denial of the anti-SLAPP order.[11] TGP did not respond.[12]

8. On May 10, 2024, despite having filed bankruptcy, Jonathon Burns, counsel for TGP, signed a pleading joining in a motion for extension of time to file Petitions for Writ of Certiorari before the Colorado Supreme Court.[13]

9. On June 24, 2024, despite having filed bankruptcy, Randy Corporon, counsel for TGP and Hoft, filed a Joint Petition For Writ of Certiorari before the Colorado Supreme Court.[14]

---

[7] *Id*. at ¶ 5.

[8] Exhibit 4.

[9] *See* Ex. 1 at ¶ 6.

[10] *See* Ex. 1 at ¶ 7.

[11] Exhibit 5.

[12] *See* Ex. 1 at ¶ 10

[13] Exhibit 6.

[14] Exhibit 7.

10. On June 26, 2024, TGP filed a Suggestion of Bankruptcy before the Colorado Supreme Court.[15] The counsel listed on the filing were Bart Houston and Alexander Lewitt of Houston Roderman PLLC, Randy Corporon, and Jonathon Burns.[16]

11. On July 25, 2024, Judge Mora dismissed TGP's Chapter 11 case, which is the subject of the current appeal.[17]

12. Dr. Coomer—not TGP—notified the Colorado Supreme Court of both the dismissal of the bankruptcy and the denial of the stay pending this appeal.[18]

13. On October 10, 2024, it was publicly reported that TGP settled the lawsuit brought against them by Ruby Freeman and her daughter Wandrea "Shaye" Moss.[19]

14. Prior to the settlement, this Court had granted two unopposed extensions to file Appellant's brief on July 25 and September 9, 2024, respectively.[20] The motion filed with respect to the second extension request stated, "Counsel for Appellant has communicated with counsel for Appellees and the parties have agreed to an additional four (4) days to complete and file the Initial Brief in this case through and including November 4, 2024."[21]

15. The day after the second extension motion was filed, Wednesday, October 30, 2024, the undersigned counsel had a phone call with Bart Houston. During the call, Mr. Houston stated that he was aware of the November 4 deadline to file Appellant's Brief and intended to file

---

[15] Exhibit 8.

[16] *Id.*

[17] ECF No. 95.

[18] Exhibit 9 (July 25, 2024) and Exhibit 10 (Sept. 9, 2024).

[19] https://missouriindependent.com/2024/10/10/settlement-reached-in-gateway-pundit-defamation-case-though-details-were-not-disclosed/

[20] ECF Nos. 28 and 30.

[21] ECF No. 29 at ¶ 10.

TGP's brief early on November 1, 2024. The undersigned counsel responded that that was a good idea because it avoided Mr. Houston having to work on it over the weekend. Mr. Houston never requested an extension during the call or suggested that one was necessary.[22]

16. On November 6, 2024, in an unrelated case, Mr. Houston filed a "Motion for Second Extension of Time to File Initial Brief" in the Southern District of Florida.[23]

17. On November 7, 2024, in an unrelated case, Mr. Houston filed a "Notice of Appearance and Designation of E-Mail Addresses" in the Southern District of Florida.[24]

18. On November 12, 2024, in an unrelated case, Mr. Houston filed "Defendant's Response to Paperless Order to Show Cause Dated November 8, 2024" in the Southern District of Florida.[25]

19. Counsel for Dr. Coomer has had no other communications with Mr. Houston since the October 30 telephone call, but did call Mr. Houston's cell phone on Wednesday, November 13, at approximately 12:40 p.m. EST.[26] The phone was not answered, and a detailed message was left.[27]

20. As of the filing of this response, Mr. Houston has not responded to the November 13 phone call.[28]

---

[22] *See* Ex. 1 ¶ 14.

[23] Exhibit 11.

[24] Exhibit 12.

[25] Exhibit 13.

[26] *See* Ex. 1 at ¶ 18.

[27] *See id.* at ¶ 19.

[28] *See id.* at ¶ 20.

## II.     ARGUMENT AND AUTHORITIES

### A.     Dr. Coomer Has No Objection to A Conditional Substitution of Counsel

21.     Dr. Coomer does not object to the substitution of counsel *to the extent* it does not serve as a basis to "cure" TGP's failure to timely file TGP's opening brief in this appeal. Dr. Coomer contends the Court should deny the Motion for Third Extension because the failure to file was not the result of excusable neglect as set for below. Assuming this Court agrees, Dr. Coomer has no objection to counsel representing TGP for the remainder of these proceeding, including any appeal to the United States Court of Appeals for the Eleventh Circuit.

### B.     The Third Motion for Extension Should Be Denied.

22.     In its unsworn motion, TGP claims the balance of the *Pioneer* factors weigh in its favor of a finding of excusable neglect. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S.380, 395, 113 S.Ct. 1489, 1495, 123 L.Ed.2d 74 (1993). In this context, "'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F. 3d 1337, 1355 (11th Cir. 2009) (finding excusable neglect supported by affidavit of lead counsel); *see also In re Brewer*, 2011 WL 3759781 (11th Cir. Aug. 25, 2011) (holding debtor's failure to timely file an appellate brief warranted dismissal of appeal).

23.     It is important to note at the outset, however, TGP does not support the "excusable neglect" with actual evidence attached to the motion. With this in mind, the *Pioneer* factors are addressed in turn.

#### i.     The danger of prejudice to Dr. Coomer.

24.     TGP argues that another eighteen days is not prejudicial to Dr. Coomer. It seeks to have this Court view the latest delay in a vacuum. Delay cannot be viewed in a vacuum when

there is indication that the delay is the result of bad faith, *i.e.* an attempt to gain a tactical advantage through the late filing. *See Anthem Health Plans, Inc.*, 591 F. 3d at 1356. Here, proposed substituting counsel, Mr. Burns, is also TGP's counsel in the State Court Litigation and appeared as an officer and representative of the debtor TGP to testify at the first 341 meeting of creditors.[29] Mr. Burns has been intimately involved in all aspects of the bankruptcy proceedings and the State Court Litigation. As indicated above, TGP has continually filed dilatory pleadings for the past four years. The tactical advantage they gain by delaying Dr. Coomer's day in court exacerbates the ongoing injuries caused by the same delay. As Judge Mora succinctly stated:

> The potential harm to other persons arising from entry of a stay of the Dismissal Order is real and imminent. The State Court Plaintiffs have faced extended delays in the pursuit of their litigation claims against TGP. TGP acknowledged its role (along with that of its sole principal) in those delays though the agreed joint stipulation of facts. Although this Court cannot and will not opine as to the likelihood of success in the State Court Litigation, access to justice is a fundamental tenet of our justice system. Absent a valid reorganizational purpose underpinning the existence of a chapter 11 bankruptcy case, the State Court Plaintiffs are entitled to assert whatever valid state law claims they may have against TGP in their respective state courts. This Court exists to facilitate the financial rehabilitation of persons and entities in dire financial distress, and may not be used as a weapon to thwart pending litigation pending in non-bankruptcy courts.[30]

25. Dr. Coomer has been litigating against TGP for four years while it has filed dilatory motions at every turn. Putting aside the *ad hominem* attacks, which are addressed below, the death of Mr. Roderman[31] on September 29, 2024, was obviously a tragic occurrence. But the prejudice to Dr. Coomer was caused by TGP itself, who has destroyed Dr. Coomer's reputation, contributed to the loss of his career as an election security expert, and exposed him to national scorn and ongoing death threats. TGP, despite Newsmax having issued a public retraction and apology to

---

[29] *See id.* at ¶ 21.

[30] Bankr. No. 24-13938, ECF No. 114 (citations omitted).

[31] *See* https://www.bethisraelchapel.com/obituaries/Barry-Roderman/#!/TributeWall

Dr. Coomer, and a host of contravening evidence that the 2020 election was not "rigged" by Dr. Coomer or anyone else, has refused to retract any of its defamatory statements.[32] Yet, TGP has chronically requested and received dilatory relief from numerous courts.

26. Thus, it is not simply the latest eighteen-day extension request based on unsworn facts and murky circumstances that is relevant here. It is TGP's pattern over the last four years that weigh heavily in favor of Dr. Coomer and the "implication of bad faith."

> **ii.    The length of the delay and its potential impact on the judicial proceedings.**

27. Dr. Coomer incorporates his argument in Section A.1 above. Currently, the State Court Litigation is not stayed, yet Dr. Coomer anticipates TGP will renew its request for a stay should it be granted leave to file its opening brief. This potentially "perpetuates the same bad faith litigation evasion tactics" found to already exist.[33]

> **iii.   The reason for the delay, including whether it was within the reasonable control of the movant.**

28. Here, there is simply no explanation presented in TGP's motion for this Court to consider regarding the reason for the delay and whether it was within the reasonable control of TGP. This Court is being asked to speculate that the latest delay is due to Mr. Roderman's passing. If speculation were permissible, Dr. Coomer could speculate that Mr. Hoft has simply decided to instruct his counsel to withdraw the appeal because he had settled with Mses. Freeman and Moss

---

[32] *See* Ex. 1 at ¶ 22.

[33] *See* Bankr. No. 24-13938, ECF No. 114 at p. 8.

and exhausted the one media policy available to it. The Court should reject TGP's invitation to speculate as to the current circumstances put forth in their motion or any other circumstances.[34]

29. It can be said without speculation that: (1) Mr. Roderman passed away on September 29, 2024; (2) the Court may judicially notice that Mr. Roderman has not entered an appearance in this appeal or signed any pleadings; (3) the Court may judicially notice Mr. Roderman did not enter an appearance or appear at any hearing in the underlying bankruptcy case before Judge Mora; (4) two unopposed extensions have already been sought by TGP and allowed by this Court; (5) Dr. Coomer's counsel discussed the filing deadline with Mr. Houston five days prior to the most-recent deadline; (6) Mr. Houston was aware of the deadline on October 30, stated he was filing a response on November 1, and did not request another extension; and (6) Mr. Houston has been actively filing motions in other cases since the November 4 deadline but must, by now, be intentionally refusing to address his circumstances with the Court or Dr. Coomer's counsel.

30. Going completely dark when there is no confusion over a deadline is not "excusable negligent." It is intentional conduct. Given that Mr. Houston is filing pleadings in other cases, including voluntarily entering an appearance in one[35] and filing a response in another,[36] it defies belief that Mr. Houston is not, by now, aware of the present circumstances. If his explanation for excusable neglect held any water, he would have given it by now. Because this Court has only

---

[34] In denying TGP's motion for stay, Judge Mora also noted that "The Motion failed to attach an affidavit or declaration contradicting the Court's factual findings in the Dismissal Opinion or demonstrating the existence of newly found (and previously unavailable) evidence . . . . This unfortunate status provides yet another basis for denial of the Motion." *See* Bankr. No. 24-13938, ECF No. 114 at p. 7.

[35] *See* Ex. 12.

[36] *See* Ex. 13.

been presented with a self-induced vacuum of information, it should decline TGP's invitation to speculate about the latest delay and exercise its discretion to deny the relief requested.

    **iv.    Whether the movant acted in good faith.**

31. TGP, an election fraud disinformation purveyor, has been afforded more due process than a typical litigant and now seeks another round of special consideration for its delay. As Judge Mora found, "Hoft's testimony at the section 341 Meeting and further statements by counsel demonstrate that TGP filed bankruptcy purely as a litigation strategy."[37] TGP has filed dilatory pleadings at every stage of the State Court Litigation and in this litigation. TGP failed to notify the Colorado Supreme Court of the dismissal and lifting of the bankruptcy stay. TGP's tactics are straightforward at this point and delay is their only form of victory.

**C.    Motion to Strike *Ad Hominen* Attacks.**

32. Pursuant to Federal Rule of Civil Procedure 12(f), and ancillary to the relief requested by TGP, Dr. Coomer moves this Court to strike certain statements from the Motion for Third Extension of Time to File Initial Brief because they are immaterial, impertinent, and scandalous.

33. In the Motion, TGP makes personal attacks on Dr. Coomer's counsel. Two, in particular, are unconscionable, to wit:

> Further, are we not humans? It is outrageous that counsel for Coomer would not consent to this modest relief.

* * * * *

> Litigation is often a bare knuckles affair, but to seek to take advantage of a tragedy by refusing such a reasonable request makes the undersigned wonder just what kind of soul-rot exists in this profession?[38]

---

[37] Bankr. No. 24-13938, ECF No. 95 at p. 26.

[38] ECF No 3 at p. 4.

34. These statements intentionally impugn counsel's professionalism, are unsupported, offensive, scandalous, and immaterial to the matter at hand. *See, e.g., Sanders v. Trump*, 2022 WL 18830740 (M.D. Ala. Dec. 22, 2022). Dr. Coomer's opposition to the pending motion is not due to inhumanity or "soul-rot." It is justified under the appropriate analysis of the *Pioneer* factors, which look to the movants' motivations in seeking relief, not the non-movant's alleged lack of humanity in opposing the relief. It is justified by the utter lack of evidence of excusable neglect. Accordingly, Dr. Coomer requests the Court order TGP to re-file an amended motion omitting these immaterial, impertinent, and scandalous accusations.

### III.     PRAYER

WHEREFORE, Appellee Dr. Coomer respectfully requests the Court to: (i) enter an order denying the Third Motion for Extension for lack of sufficient cause, (ii) place conditions on the substitution of counsel (to the extent it is inclined to grant it) as set forth above, (iii) strike the above-referenced immaterial, impertinent, and scandalous statements from the Motion for Third Extension of Time to File Initial Brief, and (iv) enter a final order dismissing this appeal.

Date: November 15, 2024                              Respectfully submitted,

*/s/ Vincent F. Alexander*
Vincent F. Alexander
Florida Bar No. 68114
VAlexander@shutts.com
**SHUTTS & BOWEN LLP**
201 East Las Olas Blvd., Suite 2200
Fort Lauderdale, FL 33301
954-847-3835
***Attorney for Dr. Eric Coomer***

        —AND—

*/s/ Charles Cain*
Charles J. Cain – *admitted pro hac vice*
Texas Bar No. 00796292
Colorado Bar No. 51020
ccain@cstrial.com
Ryan E. Chapple – *admitted pro hac vice*
Texas Bar No. 24036354
rchapple@cstrial.com
Charles J. Cain – *admitted pro hac vice*
Texas Bar No. 00796292
Colorado Bar No. 51020
ccain@cstrial.com
Bradley A. Kloewer – *admitted pro hac vice*
Colorado Bar No. 50565
bkloewer@cstrial.com
**CAIN & SKARNULIS PLLC**
303 Colorado Street, Suite 2850
Austin, TX 78701
P. O. Box 1064
Salida, CO 81201
**Attorneys for Dr. Eric Coomer**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 15, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this notice as service of this document by electronic means.

*/s/ Vincent F. Alexander*
Vincent F. Alexander