UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:24-cv-80967-AHS

In re:

TGP COMMUNICATIONS, LLC,

   Appellant,

 v.

RUBY FREEMAN; WANDREA
ARSHAYE MOSS; AND DR.
ERIC COOMER,

   Appellees.
_____/

## SUPPLEMENTAL MOTION FOR THIRD EXTENSION OF TIME TO FILE INITIAL BRIEF

  Appellant TGP Communications, LLC, filed a Motion for Third Extension of Time to File Initial Brief (the "Motion") (ECF No. 33) on November 8, 2024, in connection with its substitution of counsel (ECF No. 32). In that Motion, Appellant originally sought an extension until November 22, 2024, to provide it with the time to properly file its initial brief if given permission by the Court. The Court has not yet acted on the Motion, but it might. To avoid prejudice, and to fulfill the purpose of the Motion (*i.e.* to provide sufficient time for replacement counsel to draft the brief), Appellant is requesting not that the Motion extend the time to file its initial brief to be until November 22, 2024, but instead to be within 10 days from the date of entry and order by the Court granting the Motion.

**1.0 LEGAL STANDARD**

  Bankruptcy Rule 9006(b)(1) permits a court to extend the time to file a brief after the deadline to file it has passed, but only on a motion showing that "the failure to act was the result of excusable neglect." This standard is "generally an 'equitable inquiry' based upon the particular

- 1 -

circumstances of the case." *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1355 (11th Cir. 2009); *Lindros v. Brewer (In re Brewer)*, 442 Fed. Appx. 430, 435 (11th Cir. 2011) (using identical formulation of "excusable neglect" standard in bankruptcy appeal). There are four factors relevant to this inquiry: "'the danger of prejudice to the [opposing party], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Anthem Health Plans*, 591 F.3d at 1355 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

**2.0    ARGUMENT**

As mentioned in the Motion, the four *Pioneer* factors weigh in favor of granting the requested extension.

There is good cause for supplementing the original requested extension from November 22, 2024, to 10 days of the Court's order allowing the extension.  As the initial brief was already past due, there is no purpose in incurring the cost of replacement counsel drafting the initial brief unless Appellant would be permitted to file such brief.    Even if the Court were to act today, two days is insufficient timing for Appellant to then file its initial brief.  Appellant does not seek a lengthy delay; it only asks for 10 days from the entry of an order from the Court in order for replacement counsel to draft the brief. There is no plausible argument that such an extension would have any negative impact on judicial proceedings.

Finally, Appellant makes this motion in good faith and has continuously litigated this matter in good faith.  Appellant is not attempting to drag out this appeal or bankruptcy proceedings. Rather, its former counsel had major disruptions in his law practice that have now necessitated the retention of new counsel.  As mentioned in the Motion, Dr. Coomer's claim that the failure to file

the Initial Brief by November 4 is a dilatory tactic is baseless, and Dr. Coomer's motion to dismiss completely fails to address the disclosed circumstances warranting prior extension requests. Dr. Coomer's motion to dismiss also cites findings from the Bankruptcy Court impugning Appellant's motives in declaring bankruptcy but ignores that it is precisely these findings that Appellant has appealed. The Court should not weigh such disputed findings in determining whether this extension is sought in good faith. A brief delay is not prejudicial to Dr. Coomer; if the appeal is denied, prejudgment interest would accrue in his favor, if his claims had merit. And, whatever actions Attorney Houston has taken in other cases does not alter the calculus here—TGP has been deprived of its ability to file its initial brief.

Pursuant to Local Rule 7.1(a)(3), undersigned attempted to meet and confer with all other counsel by writing via email on November 20, 2024, to resolve the issues herein. Undersigned realizes that opposing counsel did not have adequate time to respond before Appellant needed to file this Supplemental Motion. Given the exigency, undersigned is filing this Supplemental Motion prior to receiving a response from opposing counsel.

**3.0 CONCLUSION**

For the foregoing reasons, the Court should grant the requested extension and allow Appellant to file its Initial Brief within 10 days of the Court's order allowing such extension.

Dated: November 20, 2024.      Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza
  Florida Bar No. 625566
RANDAZZA LEGAL GROUP, PLLC
2 S. Biscayne Blvd., Suite 2600
Miami, FL 33131
Telephone: 786-800-3500
ecf@randazza.com

John C. Burns (*PHV Forthcoming*)
Burns Law Firm
P.O. Box 191250
St. Louis, MO 63119
Telephone: 314-329-5040
TBLF@pm.me

*Attorneys for Appellant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 20, 2024, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court and has been served on all parties of record through the CM/ECF system.

/s/ Marc J. Randazza
MARC J. RANDAZZA