UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-80967-CIV-SINGHAL

In re:

TGP COMMUNICATIONS, LLC,Case No. 24-13938-MAM

　　Debtor.
_____/

TGP COMMUNICATIONS, LLC,

　　Appellant,

v.

RUBY FREEMAN *et al.*,

　　Appellees.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Motion to Substitute Counsel (DE [32]) and the Motion for Third Extension of Time to File Initial Brief (DE [33]) filed by Appellant, TGP Communications, LLC. Appellee Dr. Eric Coomer ("Appellee Coomer") filed a response in opposition to both motions, including a motion to strike portions of one of the motions. (DE [36]). Appellees Ruby Freeman and Wandrea' Arshaye Moss filed a Notice stating that they do not have a position on the relief requested in Appellant's two motions. (DE [35]). The Court ordered that no replies shall be filed in connection with either of the two motions, (DE [34]), and Appellant did not seek leave of the Court to file a reply. Accordingly, these two motions are ripe for the Court's adjudication.

　　As a brief summary of the filings made in this bankruptcy appeal to date, Appellant filed its Notice of Appeal on August 9, 2024, (DE [1]). Following docketing of the bankruptcy transmittal of designated records, the Clerk of the Court provided notice to the

parties that Appellant's initial brief was due by October 9, 2024.  (DE [25]).  On October 9, 2024, Appellant moved for an extension of time to file its initial brief.  (DE [26]).  In this motion, counsel for Appellant, Bart Houston ("Attorney Houston"), identified that in recent months the single associate working for Attorney Houston had resigned without notice and Attorney Houston's only law partner had died suddenly and unexpectedly.  *Id.*  Attorney Houston also experienced property damage as a result of Hurricane Helene and was required to assist his family with recovery efforts.  *Id.*  The Court granted Appellant the requested extension, setting the new deadline for Appellant's initial brief as October 29, 2024.  Appellant requested and received an additional four-day extension, resetting the deadline to November 4, 2024.  (DE [29], [30]).  November 4, 2024, came and went with Appellant filing neither an initial brief nor an additional motion for extension of the deadline.  Following Appellee Coomer's filing of a Motion to Dismiss Appeal (DE [31]) on November 8, 2024, Appellant filed the two motions at issue here on the same day, seeking to substitute its new counsel, Marc Randazza, for Attorney Houston and requesting a third extension of the deadline to file its initial brief.  (DE [32] & [33]).

The Court begins by considering the Motion for Third Extension of Time to File Initial Brief, given that Appellee Coomer does not object to Appellant's substitution of counsel should the Court deny the Motion for Third Extension of Time to File Initial Brief, *see* (DE [36] at 6).  Pursuant to Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, a party must demonstrate "excusable neglect" in order to seek an extension of a deadline that has already expired.  "Excusable neglect is generally an 'equitable inquiry' based upon the particular circumstances of the case." *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1355 (11th Cir. 2009) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).  "'[E]xcusable

2

neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer*, 507 U.S. at 394. In assessing whether the neglect is excusable, courts must consider the following four factors: (i) "the danger of prejudice to the [opposing party]," (ii) "the length of the delay and its potential impact on judicial proceedings," (iii) "the reason for the delay, including whether it was within the reasonable control of the movant," and (iv) "whether the movant acted in good faith." *Connecticut State Dental Ass'n*, 591 F.3d at 1355 (quoting *Pioneer*, 507 U.S. at 395). "[The movant] has the burden of proof to establish 'excusable neglect' by a preponderance of the evidence." *In re Graham Bros. Const., Inc.*, 451 B.R. 646, 650 (Bankr. S.D. Ga. 2011).

As a threshold matter, Appellant fails to present evidence demonstrating that it failed to meet the initial brief deadline due to negligence, as opposed to intentional conduct. Appellant speculates that Attorney Houston's failure to file the brief by the deadline was due to the same reasons identified in connection with the previous motions for extensions of the deadline, but Appellant offers no evidence in support of the arguments in its motion, such as sworn testimony from Appellant's representatives or evidence of their efforts to communicate with Attorney Houston after he missed the deadline or their ignorance of the fact Attorney Houston would not be filing the initial brief on time. Even so, the Court proceeds to address the four *Pioneer* factors regarding whether Appellant's purported neglect is excusable.

As to the first two *Pioneer* factors, there is minimal danger of prejudice to Appellee Coomer based upon the short length of the delay and the negligible impact it would have on the ongoing judicial proceedings. Appellee Coomer argues that the Court should view this 18-day potential delay within the broader context of the four-year litigation

3

proceedings throughout which Appellant has purportedly engaged in bad-faith delay tactics. While that may be relevant to the fourth *Pioneer* factor, Appellee Coomer points to nothing that would demonstrate a danger of prejudice or any meaningful impact on the ongoing judicial proceedings, particularly in light of the fact that Appellee Coomer's ongoing state court litigation against Appellant has not been stayed.

The Court's calculus is altered, however, by the remaining two factors. With respect to factor three, Appellant speculates that the circumstances cited in support of the prior two motions for extensions of the deadline are behind Attorney Houston's failure to file the initial brief by the deadline but cannot attest to why Attorney Houston failed to file the brief where Attorney Houston has purportedly stopped communicating with Appellant. Appellee Coomer argues that Attorney Houston was aware of the deadline based upon a conversation he had with Appellee Coomer's counsel five days prior to the deadline and has continued filing motions in other cases unrelated to this one, asking the Court to speculate that Appellant has decided to instruct his counsel to withdraw the appeal because he settled with Appellees Freeman and Moss. Neither party has presented evidence to the Court establishing the reason for Attorney Houston's failure to file a brief by the deadline or showing Appellant's efforts to rectify this neglect, which prohibits the Court from assessing whether it was within the reasonable control of Appellant. Appellant could have supported its motion with sworn testimony and other evidence showing its efforts to communicate with Attorney Houston regarding the missed deadline and to promptly replace him, but Appellant failed to do so, instead opting to include speculation paired with over-the-top *ad hominem* attacks on Appellee Coomer's counsel for refusing to consent to the extension (while simultaneously attempting to protect Attorney Houston's reputation and bar license). *Cf. Connecticut State Dental*

4

*Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1356 (11th Cir. 2009) (discussing the affidavit of counsel submitted by the movant explaining the mistakes that led to counsel's failure to comply with court orders).  The Court, therefore, treats this factor as weighing against a finding of excusable neglect where the reason for the delay and its preventability are unestablished.

Similarly, as to factor four, Appellant fails to establish that it brings this motion in good faith.  Appellant points to the same disruptions in Attorney Houston's life as discussed in connection with the prior factors, but the Court also credits Appellee Coomer's arguments regarding Appellant's ongoing conduct in the related state court litigation that has resulted in the litigation proceeding for nearly four years, *see* (Resp. (DE [36]) ¶¶ 2, 4, 12); (Ex. 1 – Decl. of Charles J. Cain (DE [36-1]) ¶¶ 3, 5); (Ex. 9 – Notice of Order Dismissing Bankruptcy Case (DE [36-9])); (Ex. 10 – Notice Relating to Bankruptcy Case (DE [36-10])), as well as the evidence that Appellee presents demonstrating that Attorney Houston has continued to file documents in other matters since the November 4, 2024, deadline in this case, *see* (Ex. 11 – *In re Levitan* Motion (DE [36-11])); (Ex. 12 – *Leon* Notice of Appearance (DE [36-12])); (Ex. 13 – *Leon* Response to Order to Show Cause (DE [36-13])).  While it remains to be proven what precisely transpired between Appellant and Attorney Houston that resulted in Attorney Houston failing to file the initial brief, the evidence presented by Appellee Coomer makes it plausible that Appellant did not act in good faith in filing this motion.  All in all, it is Appellant's burden to establish its "excusable neglect," and Appellant has failed to do so.  Therefore, the Court denies Appellant's request for an extension of its deadline to file its initial brief.

Because Appellee Coomer has no objection to Appellant's substitution of counsel should the Court deny Appellant's motion for extension of time to file its initial brief, the Court grants Appellant's motion to substitute its counsel.

Finally, as to Appellee Coomer's motion to strike embedded within its response, the Court declines to consider this request. "A request for a court order must be made by motion." Fed. R. Civ. P. 7(b). "Where a request for [affirmative relief] simply is imbedded within an opposition memorandum, the issue has not been raised properly." *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1222 (11th Cir. 1999).

Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Appellant, TGP Communications, LLC's Motion to Substitute Counsel (DE [32]) is **GRANTED**. Bart Houston of Houston Roderman shall be relieved of all further responsibilities related to Appellant in these proceedings.

2. Appellant, TGP Communications, LLC's Motion for Third Extension of Time to File Initial Brief (DE [33]) is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 20th day of November 2024.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF