UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:24-cv-80967-AHS

| | |
|---|---|
| In re: | § |
| | § |
| **TGP COMMUNICATIONS, LLC,** | § |
| | § |
| Appellant, | § |
| | § |
| v. | § |
| | § |
| **RUBY FREEMAN; WANDREA** | § |
| **ARSHAYE MOSS; AND** | § |
| **DR. ERIC COOMER,** | § |
| | § |
| Appellees. | § |

### REPLY IN SUPPORT OF MOTION TO DISMISS APPEAL

Dr. Eric Coomer (Dr. Coomer or Appellee) files this Reply in Support of his Motion to Dismiss Appeal [ECF No. 31], and states as follows:

### I.    BACKGROUND

1.  TGP Communications, LLC (TGP) filed bankruptcy on April 24, 2024. [Bankr. No. 24-13938, ECF No. 1].

2.  On April 30, 2024, TGP filed Debtor's Application for Authorization to Employ And Retain Houston Roderman, PLLC As Bankruptcy Counsel for Debtor-In-Possession. [Bankr. No. 24-13938, ECF No. 14]. The Application was signed by Jim Hoft and supported by the declaration of Bart A. Houston. *See id.*

3.  On May 8, 2024, Robert C. Furr, personal counsel for Mr. Hoft, filed a Notice of Appearance and Request for Service of Pleadings and Other Papers in the bankruptcy proceeding. [Bankr. No. 24-13938, ECF No. 23].

1

4. On May 22, 2024, TGP filed a List of Equity Security Holders listing Jim Hoft as the owner of 100% of the shares of TGP.  [Bankr. No. 24-13938, ECF No. 31].

5. On May 31, 2024, Freeman and Moss (Freeman Plaintiffs) moved to dismiss the bankruptcy.  [Bankr. No. 24-13938, ECF No. 39].

6. On June 8, 2024, Appellee joined in the Freeman Plaintiffs' motion to dismiss. [Bankr. No. 24-13938, ECF No. 57].

7. On July 24, 2024, United States Bankruptcy Judge Mindy Mora issued a Memorandum Opinion and Order Granting Motion to Dismiss Chapter 11 Case Under Sections 1112(b) and 305(a) of the Bankruptcy Code and Cancelling Hearing.  [Bankr. No. 24-13938, ECF No. 95].

8. On August 9, 2024, TGP filed its Notice of Appeal of Judge Mora's dismissal order. [ECF No. 1].

9. After two extensions were granted, TGP did not file its opening brief in this Court by the November 4 deadline.  *See* [ECF Nos. 28 and 30].

10. On November 8, 2024, Dr. Coomer filed his Motion to Dismiss TGP's Appeal. [ECF No. 31].

11. Likely in response to the Motion to Dismiss, TGP filed an opposed Motion for Third Extension of Time to File Initial Brief (Third MET) later the same day on November 8, 2024.  [ECF No. 33].  The Third MET sought an extension to file TGP's initial brief until November 22, 2024.

12. On November 15, Appellee filed his Response to TGP Communications, LLC's Pending Motions and Motion to Strike Pursuant to F.R.C.P. 12(f).  [ECF No. 36].  Among other

things, the response noted filings in unrelated cases by Mr. Houston through November 12, 2024. *Id.* at p. 5.

13. On November 21, 2024, this Court issued its Order (the Order) denying the Third MET on November 21, 2024. [ECF No. 38].

14. On November 23, 2024, TGP filed Appellant's Corrected Memorandum of Law In Opposition to Appellee Dr. Eric Coomer's Motion to Dismiss (the Opposition). [ECF No. 43].

15. To date, TGP has not filed its proposed initial brief, subject to leave of court.

## II.    ARGUMENT AND AUTHORITIES

**A.    The Opposition Recycles Arguments Already Rejected by the Court.**

16. The Opposition is, in effect, a motion to reconsider the Order, which denied TGP relief under Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure.

17. This Court determined that, pursuant to Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, TGP's failure to act did not constitute "excusable neglect" when it sought an extension of a deadline that had already expired. [ECF No. 38], citing and then applying the factors set forth in *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.,* 591 F.3d 1337, 1355 (11th Cir. 2009) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993)).

18. A district court's decision dismissing a bankruptcy appeal for failure to prosecute is reviewed under an abuse of discretion standard. *In re Pyramid Mobile Homes, Inc.*, 531 F.2d 743, 746 (5th Cir. 1976). Under this standard, the district court's decision will not be overturned unless it is found that the judge "fail[ed] to apply the proper legal standard or to follow proper procedures in making the determination, or ma[de] findings of fact that are clearly erroneous."

*Birmingham Steel Corp. v. TVA*, 353 F.3d 1331, 1335 (11th Cir. 2003) (quotation marks and alterations omitted).

19.  In the Order, the Court properly addressed the legal standards set forth in *Pioneer*. The Court then analyzed and applied those standards when making its own findings of fact that TGP failed to show excusable neglect, largely based on the lack of evidence of negligence in general and then in its weighing of the third and fourth *Pioneer* factors. *See* [ECF No. 38 at pp. 3-5]. At the time, no evidence was supplied from Mr. Houston or "Appellant's representatives" regarding their efforts to communicate with Mr. Houston or their ignorance of the fact that Mr. Houston would not be filing the initial brief on time. *Id.* at p. 3. Thus, this is not the case, as TGP appears to suggest by citing *Tucker* in its Opposition, where this Court failed to issue findings showing TGP was guilty of bad faith, negligence or indifference. *See Tucker v. JP Morgan Chase Bank, N.A.* (*In re Tucker*), 665 F. App'x 841, 844 (11th Cir. 2016) (holding district court abused its discretion by failing to make requisite findings).

20.  The same remains true to this day. The Opposition cites to no specific communications with Mr. Houston. The Opposition cites to no evidence regarding attempts to contact Mr. Houston after the deadline came and went. In short, there is nothing new for this Court address that would warrant a reconsideration of the prior Order. *See, e.g., Thakkar v. Noble*, 760 Fed.Appx. 724, 728 (11th Cir. 2019) (affirming dismissal when conduct was "at the very least, blatant negligence."). Instead of addressing the central issue of excusable neglect, TGP again encourages this Court to speculate about what is really going on and then seeks to sweep the central reason for Appellee's dismissal motion under the rug. This Court should not reconsider its factual findings about what is already readily apparent.

### B.  Evidence Not Speculation Is Required, and it Remains Lacking.

21.  Citing Federal Rule of Civil Procedure 6(b), TGP questions the need for it to have supported excusable neglect with evidence in the first instance. *See* Opposition at p. 4. [ECF No. 43]. However, the next section of the rule, Federal Rule of Civil Procedure 6(c)(2), anticipates the filing of affidavits when supporting *any* motion, including a motion for extension of time. Further, even a cursory reading of both *Anthem* and *Pioneer* demonstrates that the *Pioneer* factors were addressed through sworn statements by counsel in both cases. *See Anthem*, 591 F.3d at 1356 ("Through an affidavit of counsel, Plaintiffs explained . . .") and *Pioneer*, 507 U.S. 384 ("Berlin stated in an affidavit that he provided Richards with a complete copy of the case file . . ."). Ultimately, TGP's prior calls for speculation over Mr. Houston's state of mind and conduct is one of the reasons the Third MET was properly denied in the first instance. *See* [ECF 38 at p. 4]; *see also, Thakkar*, 760 Fed.Appx. at 728 (noting that Appellant never explained the delay in filing appeal during intervening eight months). The Opposition fails to elucidate any additional facts regarding this threshold issue.

22.  TGP seeks to cure its prior lack of evidence through the declaration of substituting counsel, Mr. Burns. Mr. Burns confirms that *he* was not aware (without explaining why) until November 8, 2024, four days after the due date, that Mr. Houston failed to file its initial brief (and only after Dr. Coomer filed his motion to dismiss). But, Mr. Burns fails to address the fact that TGP's sole owner, Mr. Hoft, had his own counsel, Robert C. Furr, appear in the bankruptcy proceeding for "Interested Party, Jim Hoft". [Bankr. No. 24-13938, ECF No. 23] (filed on May 8, 2024). Mr. Burns also fails to note that he himself, as general counsel for TGP, took an active role in the underlying bankruptcy, even appearing in the place of Mr. Hoft at the creditor's meeting. Neither Mr. Furr nor Mr. Burns, as critical representatives of TGP's interests, offer any explanation

as to their own lack of engagement with Mr. Houston prior to November 4, 2024, or why they even failed to raise a red flag prior to November 8, 2024. Instead, the Opposition treats Mr. Houston as a sacrificial lamb and implies that Mr. Houston is struggling from mental health problems—a very real concern in any profession. But, to this day, Mr. Houston's actual circumstances remain a mystery and the implication that he suffers from mental illness without actual evidence is troubling.

23. Mr. Burns next cites as support the "prior history" of the case and pattern of granting extensions without the need for sworn statements to excuse the failure to make an adequate record of excusable neglect. However, no opposition was filed to the two prior motions for extension. [ECF Nos. 26 and 29]. By contrast, as the second paragraph of the Third MET states, "Appellant's counsel communicated with counsel for Appellees on November 8, 2024, regarding the relief requested in this Motion. Appellees oppose."[1] Thus, TGP was on notice that its Third MET, *which cited and argued the Pioneer factors*, required evidentiary support and TGP nonetheless failed to provide any. That said, even if the Third MET had been verified, it still had no actual evidence regarding TGP's prior counsel's excuse or neglect.

24. Mr. Burns also states in conclusory fashion in his declaration that TGP has not engaged in "consistent dilatory tactics." *See* Opposition at p. 3 [ECF No. 43]. As the Order makes clear, however, evidence of a lack of good faith in this regard is already "plausible" and TGP ultimately carries the burden of providing otherwise. [ECF No. 38 at p. 5]. TGP has failed to do so. Substituting counsel filed their Third MET on November 8 where they requested an extension to file their initial brief by November 22. As of the filing of this reply, TGP has not even filed a

---

[1] Given their statement of "no position" on November 15, 2024, [ECF No. 35], it is unlikely that TGP conferred with Ruby Freeman and Wandrea Arshaye Mosses' counsel prior to filing the Third MET and, in fact, only communicated with Dr. Coomer's counsel.

*provisional* brief subject to a ruling on the current motion to dismiss. If TGP were genuine that it has not consistently engaged in dilatory tactics (despite all the evidence to the contrary), it should have demonstrated its good faith by filing a substantive brief within the time frame of its original request. Of course, TGP has not taken that simple remedial measure as well.

25. Bear in mind, the Chapter 11 case that TGP filed was dismissed back on July 24, 2024. [Bankr. No. 24-13938, ECF No. 95]. The appellate stay was denied on September 6, 2024. [Bankr. No. 24-13938, ECF No. 114]. TGP's original motion for extension of time was filed on October 9, 2024, and was granted without opposition until October 29, 2024. [EFC Nos. 26 and 28]. The death of Mr. Houston's law partner on September 29, 2024, certainly warranted an extension at the time. But now general speculation about Mr. Houston's mental health fails to hold water. And the record reflects that substituting counsel and Mr. Furr are willing to ride this issue out without providing evidence about what is really going on and without demonstrating they have a good faith belief that Judge Mora got it wrong in July by attempting to address the merits of the appeal.

26. Lastly, it strains credulity to believe that none of Appellant's representatives have had a conversation with Mr. Houston during the last month as the record reflects. TGP filed its Opposition on November 23, 2024. However, in addition to the filings by Mr. Houston noted in Appellee's response to the Third MET, Mr. Houston signed yet another pleading on November 19, 2024 in a case pending in the Southern District of Florida, and appeared in Judge Lebowitz's court at a status conference on November 20, 2024. *See* **Exhibit 1**, 0:24-cv-60474-*DSL Leon v. Grass Roots Complete LLC et al.*; *see also* **Exhibit 2**, Pacer docket entry**.** TGP is not entitled to a presumption of good faith in this or any other matter. And it has not established any in its Opposition. Instead, it seeks to focus the excusable neglect standard on attorneys who were not

7

even counsel of record at the time the initial brief was supposed to have been filed and who have failed to supply this Court with information on knowable and potentially dispositive data points. The Opposition further paints Mr. Houston as suffering from mental illness at a time that he is practicing law in other Courts.  This is beyond the pale.

27. This Court is well within its discretion to dismiss TGP's appeal. *See, e.g., most recently, In Re Smart Baking Company LLC*, 2024 WL 3594716 (M.D. Fla. 2024) (District Judge Wendy W. Berger, presiding) (finding repeated failure to comply with Federal Rules of Bankruptcy Procedure and Local Rules showed inexcusable negligence or indifference towards obligations in prosecuting appeal).  Appellee respectfully requests it do so.

### III. PRAYER

WHEREFORE, Appellee Dr. Coomer respectfully re-urges the Court to enter a final order dismissing this appeal.

Date: December 2, 2024                               Respectfully submitted,

/s/ Vincent F. Alexander
Vincent F. Alexander
Florida Bar No. 68114
VAlexander@shutts.com
**SHUTTS & BOWEN LLP**
201 East Las Olas Blvd., Suite 2200
Fort Lauderdale, FL 33301
954-847-3835
***Attorney for Dr. Eric Coomer***

—AND—

/s/ Charles Cain
Charles J. Cain – *admitted pro hac vice*
Texas Bar No. 00796292
Colorado Bar No. 51020
ccain@cstrial.com

Ryan E. Chapple – *admitted pro hac vice*
Texas Bar No. 24036354
rchapple@cstrial.com
Charles J. Cain – *admitted pro hac vice*
Texas Bar No. 00796292
Colorado Bar No. 51020
ccain@cstrial.com
Bradley A. Kloewer – *admitted pro hac vice*
Colorado Bar No. 50565
bkloewer@cstrial.com
**CAIN & SKARNULIS PLLC**
303 Colorado Street, Suite 2850
Austin, TX 78701
P. O. Box 1064
Salida, CO 81201
***Attorneys for Dr. Eric Coomer***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 2, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this notice as service of this document by electronic means.

*/s/ Vincent F. Alexander*
Vincent F. Alexander
