

ORDERED in the Southern District of Florida on September 6, 2024.

_____
**Mindy A. Mora, Judge**
**United States Bankruptcy Court**
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| TGP Communications, LLC, | Case No. 24-13938-MAM |
| Debtor. _____/ | |

## OPINION AND ORDER DENYING MOTION FOR STAY PENDING APPEAL AND CANCELLING HEARING

The Court dismissed this bankruptcy case approximately six weeks ago.[1] The former debtor, TGP Communications, LLC ("TGP"), filed a notice of appeal of the Dismissal Opinion on August 8, 2024.[2] About two weeks later, TGP filed an expedited motion (the "Motion")[3] for a stay pending appeal. Counsel to TGP self-calendared the

---

[1] ECF No. 95 (the "Dismissal Opinion").

[2] ECF No. 99.

[3] ECF No. 110.

Motion for September 10, 2023 at 1:30 p.m. This Opinion addresses the Motion and the response to the Motion filed by Ruby Freeman and Wandrea' "Shaye" Moss.[4]

## APPLICABLE LAW

Bankruptcy Rule 8007 governs issuance of a stay pending appeal in the context of a contested matter in a main bankruptcy case. The bankruptcy court has discretion to determine whether a stay pending appeal is appropriate and may condition the stay on the posting of "a bond or other security." Fed. R. Bankr. P. 8007(a)(1)(B). The bond or security protects the opposing party or parties against loss that may be sustained as a result of a failed appeal. To issue a stay under Rule 8007, a bankruptcy court must undertake a two-step analysis, first determining whether a stay is warranted and, if so, then determining whether to require a bond or other security as a condition of the stay. *C.f. Nken v. Holder*, 556 U.S. 418, 433 (2009) ("A stay is not a matter of right, even if irreparable injury might otherwise result to the appellant.") (internal citations and quotation marks omitted).

A bankruptcy appellant must first seek issuance of a stay from the bankruptcy court. If unsuccessful, the appellant has a second path: the appellant may seek relief from the district court with jurisdiction over the appeal, but only after first attempting to secure relief from the bankruptcy court. Fed. R. Bankr. P. 8007(a)(1). Appellants who seek issuance of a stay pending appeal in the district court without first moving for relief in the bankruptcy court face unique and often insurmountable hurdles. *Sewanee Land, Coal & Cattle v. Lamb (In re Sewanee Land, Coal & Cattle,*

---

[4] *See* ECF No. 113.

*Inc.),* 735 F.2d 1294, 1295 (11th Cir. 1995) (dismissing appeal as moot).

Because a stay pending appeal is an extraordinary remedy, the moving party must show (1) substantial likelihood of success on the merits of the appeal, (2) substantial risk of irreparable injury absent a stay, (3) absence of substantial harm to other interested persons, and (4) absence of harm to the public interest. *Woide v. Fed. Nat'l Mortg. Ass'n (In re Woide),* 730 F. App'x 731, 737 (11th Cir. 2018).

## ANALYSIS

The Motion primarily argues issues of fact as a basis for relief. Because the Court predicated its ruling in the Dismissal Opinion principally on undisputed portions of the record, including sworn testimony, an agreed joint stipulation of facts, TGP's schedules and statements of financial affairs (both submitted under penalty of perjury), and the plain language of debtor's proposed plan of reorganization, TGP's arguments fail to provide a reasonable basis for entry of a stay of the effectiveness of the Dismissal Opinion. To ensure that TGP receives every possible benefit of doubt, however, the Court will analyze the Motion using the factors outlined in *Woide.*

A.  **Likelihood of Success on Appeal**

The likelihood of success on appeal is slim. The Court dismissed TGP's bankruptcy case under §§ 305(a) and 1112 of the Bankruptcy Code. Because an order dismissing a bankruptcy case under § 305(a) is not reviewable on appeal, the district court will likely uphold dismissal on that basis. And, even if the district court were to determine that application of § 305(a) was improper, the totality of the circumstances

3

still supports dismissal under § 1112(b).

The Dismissal Opinion spans 28 pages and outlines the factual reasons for dismissal in copious detail. Although the district court can (and should) evaluate the Dismissal Opinion carefully, it may not disturb this Court's factual findings absent clear error. *U.S. v. Ala. Dept. of Health and Mental Retardation*, 673 F.3d 1320, 1324 (11th Cir. 2012).[5] Because the facts contained in the Dismissal Opinion arose from sworn testimony, an agreed joint stipulation of facts, TGP's schedules and statements of financial affairs (both submitted under penalty of perjury), and the plain language of debtor's proposed plan of reorganization, it is highly unlikely that the district court will determine that this Court misunderstood or improperly determined key issues of fact that justified dismissal of TGP's bankruptcy case.

### B. <u>Irreparable Injury</u>

TGP argues, unconvincingly, that it will cease to exist if this Court declines to grant a stay pending appeal. That assertion is not borne out by the record. As noted in the Dismissal Opinion, TGP's known, easily reachable assets are over 22 times greater than its liquidated liabilities. Prior to and during its bankruptcy case, TGP was able to pay its obligations as they came due. As of the petition date, TGP was both balance sheet and cash flow solvent. TGP presented no discernible need for immediate financial reorganization.

The Court is aware of the magnitude of pending litigation claims against TGP,

---

[5] The district court will apply an abuse of discretion standard to the issue of bad faith dismissal. *In re Albany Partners, Ltd. v. Westbrook (In re Albany Partners, Ltd.),* 749 F.2d 670, 674 (11th Cir. 1984); *In re State Street Houses, Inc.*, 305 B.R. 738, 741 (S.D. Fla. 2003) (citing same).

4

but the specter of unfavorable rulings alone does not equate to current insolvency. There is a difference. The Court acknowledges that litigation expenses, to the extent they exceed the coverage under the media liability insurance policy, and litigation damages, should they be awarded to the State Court Plaintiffs, might negatively impact TGP's bottom line.[6] That possibility, however, is not a present reality, and does not form a reasonable basis for entry of a stay of the Dismissal Opinion.

Although this circumstance is not central to the Court's determination, it bears noting that TGP has multiple other avenues for accessing funds should it become subject to unfavorable state court rulings and judgments. The Dismissal Opinion describes those sources of revenue in detail, along with the potential for TGP's access. The undisputable (and likely rapid) availability of other sources of ready cash is yet another reason why TGP's insistence that it will cease to exist if forced to defend itself in the State Court Litigation is implausible.

C. **Harm to Other Parties**

Because TGP has failed to demonstrate either the likelihood of success on appeal or irreparable injury, the Court could end its analysis without further elaboration. *Nken*, 556 U.S. at 434-35 (describing first two stay factors as critical and noting that inquiry shifts to the second two factors only after appellant satisfies first two factors). To ensure a clear statement as to this Court's complete rationale for denying the Motion and fully explain why entry of a stay is not warranted, the Court

---

[6] This Order adopts the meaning of "State Court Plaintiffs" set forth in the Dismissal Opinion. All other capitalized terms not otherwise defined in this Order likewise are used as defined in the Dismissal Opinion.

will nonetheless continue addressing the third and fourth factors underpinning whether a stay pending appeal is warranted.

The potential harm to other persons arising from entry of a stay of the Dismissal Order is real and imminent. The State Court Plaintiffs have faced extended delays in the pursuit of their litigation claims against TGP. TGP acknowledged its role (along with that of its sole principal) in those delays though the agreed joint stipulation of facts.[7] Although this Court cannot and will not opine as to the likelihood of success in the State Court Litigation, access to justice is a fundamental tenet of our justice system. Absent a valid reorganizational purpose underpinning the existence of a chapter 11 bankruptcy case, the State Court Plaintiffs are entitled to assert whatever valid state law claims they may have against TGP in their respective state courts. This Court exists to facilitate the financial rehabilitation of persons and entities in dire financial distress, and may not be used as a weapon to thwart pending litigation pending in non-bankruptcy courts.

### D. Harm to Public Interest

If the Court were to grant the Motion, the resulting harm to the public interest would be profound. Granting the Motion would send the message to any solvent entity that it could use the bankruptcy process purely to avoid operation of the United States justice system and impede the function of state courts that serve an essential purpose for the citizens of their states. That cannot be. The Court concludes that avoiding harm to the public interest, a factor rarely present in stay analysis, is met here.

---

[7] ECF No. 80, ¶¶ 31-40.

6

E. **Other Considerations**

The Motion failed to attach an affidavit or declaration contradicting the Court's factual findings in the Dismissal Opinion or demonstrating the existence of newly found (and previously unavailable) evidence. Without any evidentiary basis supporting a revised ruling, the Motion simply rehashes arguments this Court has already heard, considered, and rejected. That unfortunate status provides yet another basis for denial of the Motion.

Under ordinary circumstances, dismissal of a bankruptcy case returns the parties to their pre-filing status quo. *Crump v. TitleMax (In re Crump)*, 467 B.R. 532, 535 (Bankr. M.D. Ga. 2010) (internal citations omitted). TGP's appeal of the Dismissal Opinion calls into question whether this Court may, in an exercise of its discretion, retain in rem jurisdiction over a bankruptcy estate following entry of a dismissal order in the same manner in which it might retain jurisdiction over an adversary proceeding post-dismissal of the main bankruptcy case. *Fid. & Dep. Co. of Md. v. Morris (In re Morris)*, 950 F.2d 1531, 1535 (11th Cir. 1992); *In re LaFande*, 641 B.R. 430, 435 (Bankr. S.D. Fla. 2022) (citing same). The Court doubts that this is possible because doing so would run afoul of the long-held principle that once a matter is appealed, the lower court loses subject matter jurisdiction over the dispute. *Griggs v Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Dismissal of TGP's bankruptcy case encompassed all issues ancillary to TGP's bankruptcy case, including operation of 11 U.S.C. § 362.

Addressing whether any issues in a main bankruptcy case might potentially

7

be reserved by a bankruptcy court despite dismissal of the case could provide an interesting thought exercise, but TGP failed to raise this argument and the Court declines to delve into theoretical matters. The Court therefore clarifies that, to the extent it could potentially (in an exercise of the discretion provided by 11 U.S.C. § 349) retain jurisdiction over issues relating to the bankruptcy estate, including questions pertaining to the automatic stay provided by 11 U.S.C. § 362, it declines to do so for all the reasons previously outlined in this Opinion.

## CONCLUSION

TGP has not provided the Court with a reasonable basis for what would amount to reinstatement of a dismissed case and reimposition of an automatic stay that serves no purpose other than to frustrate existing state court litigation claims. The Court concludes, as it must, the Motion perpetuates the same bad faith litigation evasion tactics that prompted this Court's entry of the Dismissal Opinion.

## ORDER

The Court **ORDERS** that:

1. The Motion is **DENIED**.

2. The hearing previously scheduled for September 10, 2024 at 1:30 p.m. (pursuant to ECF No. 111) is **CANCELLED**.

3. The Court retains jurisdiction over the implementation and interpretation of this Order.

###

Copy to:

Bart Houston, Esq.

8

*(Attorney Houston must serve this Order upon the service list below and all other interested parties in compliance with applicable rules).*

Martin Ochs, Office of the United States Trustee

Mark Hamilton, General Counsel
Florida Department of Revenue
P. O. Box 6668
Tallahassee, FL 32314-6668

Re: Case No. 2024SC317 (Malkin, et al. v. Coomer)
Colorado Supreme Court
2 East 14th Avenue
Denver, CO 80203

Re: Case No. 4:21CV1424 HEA (Freeman, et al. v. Hoft, et al.)
United States District Court
Eastern District of Missouri, Eastern Division
111 South 10th Street
St. Louis, MO 63102

Re: Case No. 2122-CC09815 (Freeman, et al. v. Hoft, et al.)
Missouri Circuit Court
Twenty-Second Judicial Circuit Court (City of St. Louis)
10 North Tucker Blvd.
St. Louis, MO 63101