UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-80967-CIV-SINGHAL

In re:

TGP COMMUNICATIONS, LLC,          Case No. 24-13938-MAM

    Debtor.
_____/

TGP COMMUNICATIONS, LLC,

    Appellant,

v.

RUBY FREEMAN *et al.*,

    Appellees.
_____/

## ORDER

**THIS CAUSE** is before the Court pursuant to Appellee Dr. Eric Coomer's ("Appellee") Motion to Dismiss Appeal (DE [31]). Appellant filed its Memorandum of Law in Opposition to Appellee Dr. Eric Coomer's Motion to Dismiss (DE [42]), and Appellee filed his Reply in Support of Motion to Dismiss Appeal (DE [48]). Thus, the motion is ripe for review.

### I. BACKGROUND

In the instant action, Appellant filed its Notice of Appeal on August 9, 2024 (DE [1]). On August 23, 2024, Appellant filed its Designation of Items to Be Included in Record on Appeal and Statement of Issues to Be Presented on Appeal. (DE [14]). On September

9, 2024, Appellant filed its Transmittal (DE [23]) with this Court, making its brief due on or before October 9, 2024. On that due date, Appellant filed its first Motion for Extension of Time to Initial Brief (DE [26]) ("First Motion for Extension of Time"), requesting a twenty-day extension to file its initial brief. Attorney Houston, appellant's counsel at the time, cited as the reasons for the request: the departure of his firm's only associate, the death of his law partner, and damage to his property inflicted by Hurricane Helene. *See* (DE [26]). The First Motion for Extension of Time was unopposed,[1] and the Court granted this request, giving Appellant until October 29, 2024, to file its brief. (DE [28]).

On the date the brief was due, Appellant filed the Motion for Second Extension of Time to Initial Brief (DE [29]) ("Second Motion for Extension of Time"), requesting an additional four days to file its brief. The Second Motion for Extension of Time was unopposed, and the Court granted this request, giving Appellant until November 4, 2024. (DE [30]). November 4th passed, and Appellant did not file its brief. On November 8, 2024, having not heard from Attorney Houston, Appellant filed its Motion to Substitute Counsel (DE [32]) and its Motion for Third Extension of Time to File Initial Brief (DE [33]) ("Third Motion for Extension of Time"). The Court granted the Motion to Substitute Counsel but denied Appellant's Third Motion for Extension of Time. (DE [38]). On November 8, 2024, Appellee filed the instant Motion.

## II.     LEGAL STANDARD

"Federal Rule of Bankruptcy Procedure 8018(a)(1) provides that '[t]he appellant must serve and file a brief within 30 days after the docketing of notice that the record has been

---

[1] Appellees Ruby Freeman and Wandrea Arshaye Moss consented to the requested relief (DE [27]), but no response was filed by Appellee Dr. Eric Coomer. (DE [28]).

2

transmitted or is available electronically.'" *Thakkar v. Noble*, 760 F. App'x 724, 728 (11th Cir. 2019). "In identifying the principles that guide this exercise of discretion, [the 11th Circuit] ha[s] held that dismissal for failure to meet the relevant deadline is not automatic." *Id*. "Instead, dismissal is only proper where '**bad faith, negligence or indifference** has been shown ... [d]ismissal typically occurs in cases showing consistently dilatory conduct or the complete failure to take any steps other than the mere filing of a notice of appeal.'" *Id*. (quoting *In re Beverly Mfg. Corp.*, 778 F.2d 666, 667 (11th Cir. 1985) (emphasis added). "In general, dismissal for failure to prosecute an appeal 'is discretionary and should be considered in light of the prejudicial effect of delay on the appellee and the bona fides of the appellant.'" *In re Tucker*, 665 F. App'x 841, 844 (11th Cir. 2016) (quoting *Pyramid Mobile Homes, Inc. v. Speake (In re Pyramid Mobile Homes, Inc.),* 531 F.2d 743, 746 (5th Cir. 1976)).

### III.     DISCUSSION

Appellee argues that Appellant's Appeal should be dismissed because the Appellant (i) "failed to timely file its Appellant Brief despite receiving extensions from the Court" and that (ii) the Appeal stems from a bankruptcy filing made in bad faith and the delay itself was made in bad faith to delay the underlying state court action. (DE [31], ¶ 12-13).

First, Appellee contends that "[b]ankruptcy appeals are dismissed for failure to comply with diligent prosecution," and such "dismissal is proper where bad faith, negligence, or indifference are shown." (DE [31]), ¶ 11). The Court rejects his arguments. Appellee cites several authorities to support this proposition, but all of these authorities can be distinguished from this case.

To begin, most of Appellee's argument centers around the 11th Circuit case, *Thakkar v. Noble*. *See, e.g.*, 760 F. App'x at 728 (finding the district court did not abuse its discretion when it dismissed appellant's bankruptcy appeal for failure to timely file his brief). In *Thakkar*, "[w]ith no explanation or request for extension of time, [appellant's brief] remained unfiled for eight months. *See id*. at 725. ("Thakkar never sought an extension or otherwise explained the delay during the intervening eight months."). Here, Appellant filed three motions for extensions of time, and there were only four days that lapsed where Appellant was unaccounted for. Further, in *Thakkar*, appellant "failed to comply with Rule 8018(a)(1) in three prior bankruptcies." *Id.* at 728. This history coupled with Thakkar's eight-month absence led the Eleventh Circuit to uphold the dismissal. *Id*. Here, Appellee has not shown that Appellant displayed "'consistently dilatory conduct or the complete failure to take any steps other than the mere filing of a notice of appeal.'" *Id*. (quoting *In re Beverly Mfg. Corp.*, 778 F.2d at 667. Further, Appellee has not referenced any other bankruptcy actions where Appellant exhibited similar behavior.

Appellee also cites *Lawrence v. Educational Credit Management Corporation*, 522 F. App'x 836 (11th Cir. 2013), to support his claim. Like Thakkar, "[a]fter filing the certificate of service, Lawrence did not file a brief or any other documents." *Id*. at 838. Five months had passed without a word from Lawrence when the district court *sua sponte* dismissed his appeal. *Id*. In *Lawrence*, the Eleventh Circuit held that "a finding of bad faith, negligence, or indifference was warranted" in light of Lawrence's nearly "complete failure to take any steps" to prosecute his bankruptcy appeal before the district court. *Id.* at 839-40. Likewise, in *In re Stranger*, to which Appellee also cites, the appellant "failed to file a brief, request an extension of time pursuant to Fed. R. Bankr. P. 9006, or inquire

4

in any way to this Court about his appeal." No. 2:15-CV-275-FTM-38, 2015 WL 7351389, at *2 (M.D. Fla. Nov. 20, 2015).[2]  Appellee does not reference any authority that would justify the dismissal of the instant action.

"'[R]outine dismissal for failure to timely file briefs' is not appropriate." *In re Tucker*, 665 F. App'x at 844 (quoting *In re Beverly Mfg. Corp.*, 778 F.2d at 667) (rejecting the appellee's position that this Court adopt a "stringent rule of dismissal for failure to timely file briefs")). Further, in *In re Tucker*, the 11th Circuit held that:

> [a]lthough the district court noted that Tucker had failed to heed its warning that it expected her to comply with all deadlines, we cannot conclude that the court implicitly found that Tucker had shown bad faith, negligence, or indifference, as contemplated in *In re Beverly Manufacturing Corp*. And significantly, the court's order did not provide clear notice that the court would dismiss her appeal if she failed to file her brief by the original deadline. So Tucker's request for an extension does not appear to be in blatant disregard of the court's warning.

665 F. App'x at 845. This Court's Order granting Appellant's Second Motion for Extension of Time (DE [30]) did not put Appellant on notice that its failure to meet the filing deadline would result in dismissal, and this Court's denial of Appellant's Third Motion for Extension of Time (DE [38]) does not constitute an implicit finding of "bad faith, negligence, or indifference."

Second, Appellee's allegations of Appellant's bad faith also fail.[3] Appellee has not alleged sufficient facts in their Motion for this Court to find that Appellant's failure to prosecute was done in bad faith, and unless Appellee wishes to accuse Appellant's

---

[2] Appellees also cite *Somohano v. Federal Housing Finance Agency* as support, but there, the appellant indicated on the record that he did not contest the dismissal of the appeal, which is not the case here. No. 21-23237, 2022 WL 2707704, at *6 (S.D. Fla. Jun. 22, 2022).

[3] Appellee correctly notes that this Court can consider "the litigant's conduct in the bankruptcy case and on appeal." (DE [31]), ¶ 11). *See Thakkar*, 760 F. App'x at 727-28 (considering conduct on appeal and in prior bankruptcy appeals).

former counsel, Attorney Houston, of lying about his troubles, which he does not appear to do, this Court does not find that Appellant's delay in filing its brief was made in bad faith. What is surprising however, is that Appellant's brief still isn't filed.

**ORDERED AND ADJUDGED** that Appellee's Motion to Dismiss Appeal (DE [31]) is **DENIED**. Appellant shall file its brief on or before **April 10, 2025**. No requests for extension of time will be granted. Appellant is warned that failure to do so in a timely fashion ***will result*** in dismissal of the action.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 3rd day of April 2025.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF